Hot Springs Street Railway Company v. Bodeman.

Opinion delivered July 8, 1905.

1. Personal injury suit—Evidence—Habitual Trespass.—Where, in a suit against a street railway company for personal injuries received in alighting from defendant's car, the issue involved was whether the injury was caused by the negligence of defendant's servants, or was the result of plaintiff's own negligence, testimony tending to show that plaintiff had been in the habit of jumping on passing cars to steal rides was immaterial. (Page 303.)

2. Witness—Impeachment.—A witness cannot be impeached on immaterial collateral facts. (Page 303.)

Appeal from Garland Circuit Court.

Alexander M. Duffie, Judge.

Affirmed.

E. W. Rector, for appellant.

Wood & Henderson, for appellee.

McCulloch, J. Appellee, a boy 9 years of age, by his next friend, brought this suit against appellant to recover damages for personal injuries received in alighting from appellant's street car. The testimony introduced on the part of the appellee tended to establish the fact that he and his brother were passengers on the street car, and gave a signal to the motorman to stop the car at a regular stopping place; that the car was brought to a stop, but appellee was delayed in getting off by other passengers ahead, and, before he could alight, the motorman started the car; that as soon as the car started he told the motorman that he wanted to get off, and the motorman told him that he would have to jump off, which he did, and was thrown down and hurt.

The testimony introduced by appellant tended to show that appellee alighted from the car when it stopped, but undertook to jump on the rear end of the car as it passed, to steal a ride, and that while so doing he was thrown down and hurt. The motorman testified that he did not tell the boy to jump, that he had no recollection of seeing either of the boys on the car during that trip, and did not know of the accident until he had reached the end of his run and returned. The jury accepted the version offered by appellee, and returned a verdict in his favor.

Appellee and his brother were asked by appellant's counsel whether or not they were in the habit of jumping on passing cars to steal rides, to which they both answered in the negative, and appellant then offered testimony to contradict them, showing that they were in the habit of jumping on cars, and that the brother had done so on the day of the accident, and was driven from a car by the manager. The court refused to permit the introduction of this testimony, and error is assigned in that particular. This testimony was properly excluded, as the issue involved in the trial was as to whether the injury was caused by negligence of appellant's servants, or was the result of the plaintiff's own negligence. The testimony was sharply in conflict on this question, and the habit of appellee in jumping on cars upon other occasions had no legitimate bearing on this issue. Appellee and his brother could not, as witnesses, be contradicted on immaterial collateral matters.

No error is found in the instructions of the court, the evidence is sufficient to sustain the verdict, and the judgment is affirmed.

HILL, C. J., absent and not participating.